UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SARA CHAFFEE,

     Appellant,        1:09-MC-0014 (LEK)

    v.

IRENE S. CHAFFEE,

     Appellee.

————————————————————————

IN RE Irene S. Chaffee,

              Bankr. Case No.
              07-11636-rel

     Debtor.

————————————————————————

## DECISION AND ORDER

On February 2, 2009, Appellant-Plaintiff Sara Chaffee ("Appellant-Plaintiff") filed with this Court a Motion for leave to appeal and stay the Order of the United States Bankruptcy Court dated January 12, 2009, denying her Motion for summary judgment. Dkt. No. 1. For the forgoing reasons, this Court must deny Appellant-Plaintiff's Motion.

**I. Background**

Irene S. Chaffee ("Appellee-Defendant") filed the underlying Bankruptcy Case on June 6, 2007. Order (Dkt. No. 1, Exh. 4). On September 13, 2007, Appellant-Plaintiff commenced the underlying adversary proceeding seeking a determination that a certain judgment debt (the "Debt") owed to her by Appellee-Defendant was excepted from discharge in the underlying Bankruptcy Case under 11 U.S.C. § 523(a)(6). Id. The Debt in question resulted from a civil

1

judgment entered against the Appellee-Defendant after she pled guilty to criminal charges.  Id.
More specifically, the events leading up to the Debt are as follows.[1]

 In 1990, when Appellant-Plaintiff was six, Appellee-Defendant reported to the New
Hampshire Department of Health and Human Services, Division for Children, Youth and
Families, that Appellant-Plaintiff was being sexually abused by her stepfather, George
Washington Chaffee ("George Chaffee").  On August 6, 1991, George Chaffee pled guilty to two
counts of felonious sexual assault for sexually abusing Appellant-Plaintiff and consequently
served time in New Hampshire state prison.  Three years after his release, in 1998, George
Chaffee returned to live with Appellant-Plaintiff and Appellee-Defendant in the family home.

 In 2000, when Appellant-Plaintiff was sixteen, George Chaffee, again, repeatedly forced
Appellant-Plaintiff to engage in non-consensual sexual intercourse.  Id.  On December 17, 2003,
George Chaffee was convicted by a jury of three counts of rape in the third degree and one count
of endangering the welfare of a child in the County Court for Rensselear County.  Id.  On
December 11, 2003, Appellee-Defendant pled guilty to endangering the welfare of a child under
§ 260.10 of the New York Penal Law.  Id.  Appellant-Plaintiff subsequently filed a civil lawsuit
against Defendant in the State of New York Supreme Court, Albany County, based, presumably,
on injuries sustained as a result of Appellee-Defendant's criminal actions.  Appellant-Plaintiff
received a judgment in the civil action and an award of damages in the amount of $3,772,950.00.
This judgment award constitutes the Debt currently at issue.

 Appellant-Plaintiff moved for summary judgment on February 25, 2008.  By an Order

_____

[1] For a full recitation of the facts, the Court refers to the Bankruptcy Court's Order dated
January 12, 2009.  Dkt. No. 1, Exh. 4.

dated January 12, 2009, the Bankruptcy Court denied Appellant-Plaintiff's Motion for summary

judgment.  Order (Dkt. No. 1, Exh. 4).

## II.       Discussion

"[I]nterlocutory orders and decrees" may be appealed "with leave of the court."  28

U.S.C. § 158(a)(3); see also In re AroChem Corp.,176 F.3d 610, 620 (2d Cir. 1999) (stating that

"[w]hile final orders of the bankruptcy court may be appealed to the district court as of right . . .

appeals from nonfinal bankruptcy court orders may be taken only 'with leave' of the district

court") (quoting 28 U.S.C. § 158(a)(3)).  To determine whether leave to appeal an interlocutory

order should be granted, a district court considers whether: (1) "such order involves a controlling

question of law," (2) "as to which there is substantial ground for difference of opinion" and (3)

"an immediate appeal from the order may materially advance the ultimate termination of the

litigation."  28 U.S.C. § 1292(b); see In re Cutter, No. 05 Civ. 5527, 2006 U.S. Dist. LEXIS

61242, at *3 (E.D.N.Y. Aug. 29, 2006) (stating that, while neither § 158(a)(3) nor the Bankruptcy

Rules "provide guidelines for determining whether a district court should grant leave to appeal . .

. most district courts in the Second Circuit have applied the analogous standard for certifying an

interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)") (citations

omitted).  It is in the district court's "discretion" to "permit an appeal to be taken from such

order."  28 U.S.C. § 1292(b).  "The party seeking an interlocutory appeal has the burden of

showing exceptional circumstances, to overcome the general aversion to piecemeal litigation and

to show that the circumstances warrant a departure from the basic policy of postponing appellate

review until after entry of a final judgment."  In re Enron Corp, No. M-47, 2008 U.S. Dist.

LEXIS 7340, at *3 (S.D.N.Y. Jan. 25, 2008) (internal quotations and citations omitted); see also

Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Laure in

Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (stating that "only 'exceptional

circumstances' [will] justify a departure from the basic policy of postponing appellate review

until after the entry of a final judgment") (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463,

475 (1978)).

      In reviewing the rulings of a bankruptcy court, a district court applies the clearly

erroneous standard to a bankruptcy court's conclusions of fact, and reviews *de novo* conclusions

of law.  Yarinsky v. Saratoga Springs Plastic Surgery, 310 B.R. 493, 498 (N.D.N.Y. 2004) (Hurd,

J.) (citing In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000)); In re Petition of

Bd. of Dirs. of Hopewell Int'l Inst. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); Fed. R.

Bankr. P. 8013.  Mixed questions of law and fact are reviewed *de novo*.  Ernst & Young v.

Bankr. Servs., 311 B.R. 350, 360 (S.D.N.Y. 2004) (citing In re Vebeliunas, 332 F.3d 85, 90 (2d

Cir. 2003); In re AroChem Corp.,176 F.3d at 620).

      The January 12, 2009 Bankruptcy Order denying Appellant-Plaintiff's Motion for

summary judgment is an interlocutory order.  See McKenzie-Gilyard v. HSBC Bank Nev., N.A.,

08-CV-160 (SLT), 2008 U.S. Dist. LEXIS 50262, at *7 (E.D.N.Y. June 30, 2008) (stating that

"the Bankruptcy Court's denial of summary judgment is an interlocutory order");  In re Enron,

2008 U.S. Dist. LEXIS 7340, at *4 (finding that the bankruptcy court's order denying summary

judgment is an interlocutory order).  While the Bankruptcy Order does involve a controlling

question and an immediate appeal would materially advance the termination of the present

litigation, Appellant-Plaintiff has unfortunately failed to show that there are substantial grounds

for a difference of opinion.  See Northfork v. Abelson, 307 B.R. 382, 289 (E.D.N.Y. 1997)

(stating that "[f]or there to be a substantial ground for difference of opinion regarding an issue, it must involve more than strong disagreement between the adversary parties . . . [f]or example, there are substantial grounds for difference of opinion when the issue is 'difficult and of first impression'") (quoting Klinghoffer, 921 F.2d at 25); see also In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (stating "that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground of difference of opinion").

Contrary to Appellant-Plaintiff's contention, upon reviewing all the relevant pleadings, the issue raised in Appellant-Plaintiff's appeal do not "collectively establish 'a genuine doubt as to whether the bankruptcy court applied the correct legal standard" in denying Appellant-Plaintiff's Motion for summary judgment. In re Worldcom, Inc., 358 B.R. 76, 79 (S.D.N.Y. 2006). Appellant-Plaintiff states that "[t]he question brought by plaintiff on this appeal is whether a criminal conviction for Endangering the Welfare of a Child, under New York Penal [sic] §260.10, established the requirement of 'willful and malicious' under 11 U.S.C. §523(a)(6)." Dkt No. 1 at 3. Plaintiff relies entirely on the doctrine of collateral estoppel to establish a prima facie case of "willful and malicious" injury under § 523(a)(6). This Court agrees with the Bankruptcy Court that the nexus between Appellee-Defendant's conviction under § 260.10 of the New York Penal Law and the entry of an award against Appellee-Defendant in the ensuing civil case do not qualify for the application of collateral estoppel to the "willful and malicious" requirement of § 523(a)(6). Appellant-Plaintiff has failed to provide any record of the civil case which would have allowed the Bankruptcy Court or this Court to make the inferential leap requested by Appellant-Plaintiff. Order at 3 n. 3, 8  n. 7. Accordingly, the Bankruptcy Court was correct in finding that "[a] question of material fact exists as to whether the conditions

5

for the application of the doctrine of collateral estoppel have been met." <u>Id.</u> at 7.  Appellant-Plaintiff has failed to show that there are substantial grounds for a difference of opinion warranting leave to appeal and stay the Bankruptcy Court's Order.

This Court echoes the Bankruptcy Court's sincere regret that it cannot resolve this issue on summary judgment.  However, Appellant-Plaintiff has failed to sustain her burden of showing "exceptional circumstances" warranting the granting of this Motion.  This Court reiterates what was said by the Bankruptcy Court – this decision in no way precludes Plaintiff from potentially prevailing after a plenary trial on the merits.

**III.    Conclusion**

Accordingly, it is hereby

**ORDERED**, that Debtor's Motion for leave to appeal and stay the January 12, 2009 Order of the Bankruptcy Court (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED:  May 29, 2009
            Albany, New York

Lawrence E. Kahn
U.S. District Judge